UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERRY RIDGE,LLC, a
Michigan Limited Liability. Company,

      Plaintiff/Counter-Defendant,

vs.
                                         Case No.12-cv-15126
                                         HON. GERSHWIN A. DRAIN

CANTON CHARTER TOWNSHIP, a
Michigan Municipal Corporation,

      Defendant/Counter-Plaintiff.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S / COUNTER-PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [#6]**

## I. INTRODUCTION

This FED. R. CIV. P. 65 Preliminary Injunction Motion is presently before the Court by Defendant/Counter-Plaintiff Canton Charter Township ("Canton Twp." or "Township") seeking a preliminary injunction to maintain the status quo pending a decision by this Court on the merits. Plaintiff/Counter-Defendant Cherry Ridge, LLC ("Cherry Ridge, LLC") has responded to Canton Twp.'s motion. This Opinion and Order sets forth the Court's ruling. For the reasons stated below the Court will GRANT Canton Township's Motion for a Preliminary Injunction.

## II. FACTUAL BACKGROUND

This is a land dispute that is focused on two parcels of land, approximately 60 acres,

located in Canton Twp. The issues center around the land ownership and the Township's right to use certain improvements that were allegedly created pursuant to unsigned and unrecorded agreements with the prior owner of interest. The improvements that were made were: a paved drive, parking lot, drive/access roads, utilities, and a storm water detention basin (collectively "Improvements"). The Improvements were made pursuant to various unsigned and unrecorded documents – allegedly prepared by the prior owner and Canton Twp.– that include: an easement or the transfer of ownership of the parking lot to the Township, the dedication of the land for the roads, and the easements for the utilities and detention basin.

Cherry Ridge, LLC subsequently acquired the property by a deed in lieu of foreclosure. After Cherry Ridge, LLC made a request, and was denied by the Township, for amendments to the density site plans, it sent a demand letter to the Township to "cease and desist" its use of the parking lot and to remove the other Improvements. While the parties were in discussion, Cherry Ridge, LLC installed barriers prohibiting access to the property, which is the reason for the instant motion.

### III. ANALYSIS

#### A. Standard of Review

Whether a preliminary injunction should issue lies within the sound discretion of the district court. *Golden v Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). To determine whether to grant the Township's Motion for Preliminary Injunction, the Court must consider four factors: (1) the Township's likelihood of success on the merits, (2) whether the Township will suffer irreparable harm without the injunction, (3) whether

granting the injunction will cause substantial harm to others, and (4) the impact of the injunction on the public interest. *Id.* at 653. The Court must balance all four factors and "[n]one of these factors, standing alone, is a prerequisite to relief..." *Id.*

### I. Plaintiff's Likelihood of Success on the Merits

The degree to which a plaintiff must establish a likelihood of success on the merits often depends upon the strength of the other three factors. *See In re DeLorean Motor Co.*, 755 F.2d 1223, 1227-1228 (6th Cir. 1985). Canton Twp. contends that it is likely to succeed on the merits of its preliminary injunction action for several reasons.

First, Canton Twp. argues that Cherry Ridge, LLC's interest in the property at issue is subject to prior interests acquired by the Township; therefore, although Cherry Ridge, LLC "may have acquired the deed to the property and recorded it prior to the recording of any interest of the Township," it is not a bona fide purchaser without notice protected under the Michigan "race-notice" recording statute. Def.'s/Counter-Plf.'s Mot. for Prelim. Inj.,Dkt. No. 6, pgs. 20-21. Furthermore, Canton Twp. contends that Cherry Ridge, LLC should have been "aware" that the Township had asserted certain ownership interests via signed letter agreements and other "public records" that were "easily discoverable." *Id.* at 21.

Conversely, Cherry Ridge, LLC argues that Canton Twp. has no interest in the property that would have placed it on notice. Plf.s/ Counter-Def.'s Resp. to Mot. for Prelim. Inj., Dkt. No. 13, pg. 20 ¶ 1.a. Cherry Ridge, LLC contends that Canton Twp.'s reliance on the Michigan race-notice statute is "fatal" to its claims of an easement interest in the property. Cherry Ridge, LLC maintains that the presentation of unsigned and unrecorded writings as proof of the existence of an interest in the property does not meet the notice

requirements provided under the race-notice statute. *Id.*

Under Michigan's race-notice recording statutes, M.C.L. § 565.25 and § 565.29, the timing of the recording of an interest alone does not determine the priority of that interest; rather, it is the timing of the recording combined with a lack of notice of another interest. A bona fide purchaser is a purchaser in good faith , who paid valuable consideration, who did not have notice of a prior interest and who duly recorded the conveyance. M.C.L. § 565.29; *Kastle v. Clemons*, 330 Mich 28 (1951).

"When a person has knowledge of such facts as would lead any honest man using ordinary caution, to make further inquiries concerning the possible rights of another in real estate, and fails to make them, he is chargeable with notice of what such inquiries and the exercise of ordinary caution would have disclosed." *Kastle,* 330 Mich. at 31. In this case, it is clear that Canton Twp. did not have a recorded interest at the time Cherry Ridge, LLC received the deed in lieu of foreclosure for the property at issue. However, Cherry Ridge, LLC should have been on notice that a third-party may have had an interest in the property upon viewing the various Improvements on the property: such as a detention pond, a publicly used parking lot, and a paved road on the property. Yet, Cherry Ridge, LLC purchased the property on July 21, 2011, and did not make any inquiry, other than a title search, directly to the Township until July 25, 2011, to inquire about the nature of the Improvements on the property. The parking lot appeared to be in daily use by the Township with both a municipal building and a theater regularly using it. The Court finds that Cherry Ridge, LLC was on constructive notice that there was an interest in the property; therefore, this factor is in favor of Canton Twp.

Second, Canton Twp. argues that it has an interest in the Improvements under

the theory of common-law dedication. Conversely, Cherry Ridge, LLC argues that the prior owner could not have dedicated the property to the Township because it did not have an "unlimited interest" in the property and did not have "unrestricted power of alienation" because a mortgage existed on the property. Plt.'s/ Counter Def.'s Mot. for Prelim. Inj., Dkt. No. 6, pg. 24. The Court, however, disagrees with Cherry Ridge, LLC.

Common law dedication occurs when there is:

> (1) intent by the property owner to offer the land for public use,
> (2) an acceptance by, and maintenance of the road by, public officials, and
> (3) use by the public generally.

2000 *Baum Family Trust v. Babel*, 488 Mich. 136, 147 (2010).

"If these are present, the dedication is sufficient regardless of form." *Id.* In its Response brief, Cherry Ridge, LLC refers in part to 13 Michigan Law Practice 2d DEDICATION § 14 and the proposition that only an owner that has an unlimited estate or an estate in fee simple can make a dedication of land because they lack the power of alienation. However, it conveniently leaves out the subsequent – more applicable second paragraph – which states, "[a]ccordingly, the *holder of title* to land is the only person competent to dedicate the land to public use. . ." *Id.* (emphasis added).

In this case, the fact that there was a mortgage on the property does not prohibit the prior owner's ability to dedicate. Michigan is a lien-theory state, and title to mortgage remains in the mortgagor. *See In re Gregory*, 316 B.R. 82,99 (W. Dist. Of Mich. 2004). Moreover, "common-law dedications do not ordinarily convey the fee....the owner parts with the use only." *2000 Baum Family Trust*, 488 Mich. at 147. If the prior owner was the mortgagor, then he would have had an interest of use to dedicate. Furthermore, the

prior owner did not need to divest the entire fee to make a dedication. It is enough that the use of the property was dedicated. Therefore, based on the present information before the Court the prior owner would have had an interest to dedicate to the Township. Cherry Ridge further argues that the prior owners would not have satisfied the elements of common-law dedication. The Court disagrees and will address each element in turn.

The information provided to the Court, including but not limited to, the various easement agreements, the cost to the Township of making improvements on the property, and the express admission of the prior owner, all evidence that there was an intention to pass on some type of property interest to the Township. The prior owner allowed the Township to enter the property to create the Improvements, in addition to allowing their continued use. Therefore, the Court agrees with the Township that the intent element is likely met.

The second element requires the Township to accept the offer of dedication and maintain the property. "The acceptance may be evidenced either by express declaration, or, by acts of [the] user indicating an intention to accept such property for the public use or purpose to which the owner has by his declarations or acts set it apart." *Chene v. City of Detroit*, 262 Mich. 253, 258 (1933). The Township made improvements to the property based on the prior owners intent to give it the property, thus, acting in a way to show acceptance of the prior owner's offer for it to use the property. Additionally, per the Township's Director of Muncipal Services, the Township maintained the Improvements it made to the property by performing general maintenance on the grounds and roads. *See* Ex. V. Affidavit of Tim Fase, Director of

Muncipal Services. Therefore, the Township has also met the second element.

Finally, the third element requires the Township to show that the property dedicated will be used by the public. The Township has used the parking lot as one of its main sources of parking for the downtown area for both public and private buildings. Def.'s/ Counter-Plt.'s Mot. for Prelim. Inj., Dkt. No. 6, pg. 25. The detention pond is used for storm water management to prevent the area and buildings from flooding. *Id.* Therefore, the public use element has been met.

The final argument Canton Twp. makes for success on the merits is that the Township is entitled to specific performance of alleged agreements it had with the prior owner. The Township asks the Court to grant, in equity, specific performance in regards to various unsigned and unrecorded, documented agreements made with the prior owner. "Proof of an unexecuted intention is insufficient to warrant a decree of specific performance." *Hammel v. Foor*, 359 Mich. 392, 401 (1960). Without more, the Court cannot provide Canton Twp. with the equitable relief it seeks.

Furthermore, as Cherry Ridge, LLC argues in its Response brief, this Court has no jurisdiction to decree specific performance of a contract without all interested parties before it. Plt's Counter-Def.'s Resp. to Mot. for Prelim. Injunction, Dkt. No. 13, pg. 27, (citing *Smith v. O'Dell*, 240 Mich 185, 198 (1927)). The prior owner is not a party in this case. The Court cannot decree specific performance of alleged contracts on the current owner that were made with a prior owner. Therefore, the Court finds this argument in favor of Cherry Ridge, LLC.

In general, the Court is convinced that Canton Twp. has established a strong likelihood of success on the merits.

## II. Whether Canton Twp. Will Suffer Irreparable Harm

A party's harm is "irreparable" when it cannot be adequately compensated by money damages. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. V. E.F. Hutton & Co.*, 403 F.Supp. 336, 343 (E.D. Mich. 1975). Canton Twp. argues that if the barricades are not removed: (1) the Village Theater will not have adequate parking, (2) posted fire lanes will be blocked, (3) the number of handicapped parking spaces will be diminished, and (4) the Township has no alternative remedies to address the problems that will occur as a result of allowing the barricades to stand. *See* Def.'s/ Counter-Plt.'s Mot. for Prelim Inj., Dkt. No. 6, pg. 27.

Contrarily, Cherry Ridge, LLC argues that the parking lot is on its property, and any damages incurred by Canton Twp. if the barricades are left up, could be remedied at law. *See* Plt.'s/ Counter-Def.'s Resp. to Mot. for Prelim. Inj., Dkt. No. 13, pg. 29. The Court agrees with Canton Twp.

Each of these problems are difficult to quantify and evaluate as to money damages, and their cumulative effect rises to the level of irreparable harm. Therefore, the Court finds that equitable relief is a proper remedy. *See Lucero v. Detroit Public Schools*, 160 F. Supp. 2d 767, 801 (E.D. Mich. 2001) ( "[a] showing of 'probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction'") (quoting *Reuters Ltd. v. United Press Int'l., Inc.*, 903 F.2d 904, 907 (2nd Cir. 1990)).

## III. Whether Granting the Injunction Will Cause Substantial Harm to Others

In considering this factor the Court must look at who will be harmed if an injunction is granted, and to what extent. Essentially, the Court must evaluate the harm to the Plaintiff, Cherry Ridge LLC. Cherry Ridge, LLC argues that if granted, the preliminary injunction will deprive Cherry Ridge, LLC of the ability to use and enjoy its property and will cause it to be exposed to liability as a result of the Improvements.

Alternatively, Canton Twp. argues that Cherry Hill, LLC will not be harmed if the barricades are removed pending the disposition of this case. However, Canton Twp. argues that the general public will suffer substantial harm if the preliminary injunction is not granted. Canton Twp. contends that the parking lot is used for various public buildings in the downtown area. And furthermore, the detention basin is required in the area to prevent flooding. *See* Def.'s/ Counter-Plt.'s Mot. for Prelim Inj., Dkt. No. 6, pg. 28. The Township also argues that the barricades block designated fire lanes that would inhibit firefighters from attending a fire if one broke out at the Human Services Building or the Historic Cherry Hill School. The Court agrees with Canton Twp.

In this case, if a preliminary injunction is granted, the plans that Cherry Ridge, LLC has for the property will be put on hold during the pendency of this litigation. They will not be able to use the property as quickly as originally planned. Furthermore, Cherry Ridge, LLC alleges that it will be harmed as a result of it being exposed to liability created by the Improvements. The Court finds that Cherry Ridge, LLC's arguments, when compared to the public interest arguments brought by the Township, do not rise to the level of substantial harm and are speculative at best. Therefore, the Court finds this element in favor of Canton Twp.

### IV. <u>The Impact of the Injunction on the Public Interest</u>

The Court finds that the presence of the barricades and altering the status quo has had a negative and severe impact on the public interest. This case involves property that the Township has been involved with for some time. As early as December of 1999, the Township entered into an agreement with Cherry Hill Investors LLC, the prior owner of the property, regarding the property at issue. *See* Ex. B, Dkt. No. 6-3. The agreement contained a schedule of public improvements to be constructed on the property over time.

The Improvements were lawfully constructed pursuant to a Township approved Ordinance Development Plan. The Township paid $120,000 for the cost of the construction of the roads involved and, per the agreement of the parties, was to be reimbursed. Cherry Hill Investors LLC was to donate the Village Parking Lot once constructed. The Township approved a site plan for the Parking Lot in 2004, and it was subsequently constructed in that year.

Since that time – at its sole cost and expense – the Township has assumed responsibility for all maintenance and snow removal in the parking lot. The public has lawfully enjoyed and used the Improvements from the time of their construction until November 3, 2012, when Plaintiff unilaterally barricaded the entrance to the Improvements: preventing the public from using them. Cherry Ridge, LLC's action severely interferes with and restricts the parking available for persons with disabilities who frequent places in the area.

The parking lot and other Improvements have been in existence for many years.

Moreover, the parking lot provides much needed parking for the Human Services Building, the Cherry Hill School, the Village Theater, and commercial businesses in the downtown area. The Court has also reviewed a sworn affidavit from Fire Inspector John Oltman ("Inspector Oltman"). Inspector Oltman testified that the barricades installed by Cherry Ridge, LLC obstruct a fire lane in violation of Section 503.4 of the International Fire Code. Furthermore, Inspector Otlman stated that the removal of the barricades is necessary to protect the safety and welfare of the people and property in the area.

Accordingly, the Court finds that granting the preliminary injunction is in the best interest of the public at large.

## V. Conclusion

In summary, after evaluating and applying the four factors considered in making a determination on the merits of a preliminary injunction, the Court finds that the balancing of the factors weigh in favor of Canton Twp. Moreover, Canton Twp. has demonstrated: a likelihood of success on the merits of its common-law claim of public dedication, that they will suffer irreparable harm, and that the public interest is best served by issuing a preliminary injunction. Therefore, Canton Twp.'s Motion for Preliminary Injunction is GRANTED.

Cherry Ridge, LLC is ORDERED to remove the barriers within seven days of the issuance of this order.

SO ORDERED.

Dated: February 26, 2013  /s/Gershwin A Drain
GERSHWIN A. DRAIN
United States District Court Judge