UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERRY RIDGE, LLC, a Michigan
Limited Liability Company,

       Plaintiff/Counter-Defendant,

                                           Case No. 12-cv-15126
                                           HON. GERSHWIN A. DRAIN

v.

CANTON CHARTER TOWNSHIP, a
Michigan Municipal Corporation,

       Defendant/Counter-Plaintiff.

_____/

**ORDER DENYING CHERRY RIDGE, LLC'S MOTION TO STAY OR DISMISS PROCEEDINGS[#43], DENYING WITHOUT PREJUDICE CANTON CHARTER TOWNSHIP'S MOTION TO HOLD CHERRY RIDGE, LLC IN CONTEMPT OF COURT [#46], DENYING CHERRY RIDGE, LLC'S MOTION TO STRIKE [#52], SETTING BRIEFING SCHEDULE, HEARING DATE AND AMENDING SCHEDULING ORDER**

**I.    INTRODUCTION**

The instant action involves a dispute concerning the parties' ownership interests in real property, specifically certain public improvements[1] ("Improvements") that are located in, and maintained by, Defendant/Counter-Plaintiff, Canton Charter Township (the "Township"). Presently before the Court is Plaintiff/Counter-Defendant Cherry Ridge, LLC's ("Cherry Ridge") Motion to Stay or Dismiss Proceedings, filed on June 25, 2013. On July 8, 2013, the Township responded to Cherry Ridge's Motion and Cherry Ridge filed a Reply Brief on July 18, 2013. Also before the

---

[1] The public improvements include a parking lot, roadway improvements, a storm water retention basin and utilities.

Court is the Township's Motion to Hold Cherry Ridge in Contempt of Court, filed on July 2, 2013. Cherry Ridge filed a Response on July 19, 2013, and the Township filed a Reply Brief on August 2, 2013. Upon review of the parties' submissions, the Court finds that oral argument will not aid in the resolution of these matters, accordingly the parties' motions will be resolved on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the Court denies Cherry Ridge's Motion to Stay or Dismiss Proceedings and denies without prejudice the Township's Motion to Hold Cherry Ridge in Contempt of Court.

## II. FACTUAL BACKGROUND

The real property that is the subject of this action, namely the Concord and the Village Parking Lot parcels (the "Parcels"), which include the Improvements, was allegedly donated to the Township by the former and original owner of the Parcels, Cherry Hill Investors, L.L.C. ("CHI"). According to the Township, CHI donated the subject Parcels so the Township could have a civic presence in this "core" area, located directly across from the Township's historic Cherry Hill School House. CHI and the Township entered into various agreements which encompassed the future construction and maintenance of the Improvements. Between 2003 and 2004, West Road, School House Road, the detention basin and the parking lot were constructed, primarily at Township expense. The Township has maintained, and the public has enjoyed the use of the subject Improvements since their construction.

In July of 2011, Cherry Ridge acquired an interest in the subject Parcels by way of a Deed in Lieu of Foreclosure. Cherry Ridge claims it had no prior knowledge of the Township's interests in the Parcels, while the Township maintains that Cherry Ridge had actual knowledge of the Improvements. In late 2011, Cherry Ridge made a request for amendments to increase the density

for planned development in the Parcels and other land Cherry Ridge had acquired, however the Township denied its request. Thereafter, Cherry Ridge sent a demand letter requesting the Township "cease and desist" its use of the parking lot and to remove the other Improvements. While the parties were in discussions, Cherry Ridge installed concrete barriers and no trespassing signs prohibiting public access to the parking lot and the school, as well as blocked several fire lanes.

On February 26, 2013, this Court ordered the removal of the concrete barriers when it granted the Township's Motion for Preliminary Injunction. *See* Dkt. No. 27. In concluding the Township was entitled to preliminary injunctive relief, the Court rejected Cherry Ridge's argument that its title was superior; finding the Township was likely to succeed on the merits of its claims because Cherry Ridge had constructive notice of the Township's interests that were obtained by public dedication.

It was not disclosed in Cherry Ridge's briefing, nor during the hearing on the Township's Motion for Preliminary Injunction, that Cherry Ridge held not only title to the property in question, but also the former mortgage. Specifically, Cherry Ridge failed to advise the Court that it acquired the mortgage by a Partial Assignment and Assumption of Loan Sale and Purchase Agreement from Comerica on July 21, 2011. Cherry Ridge purchased the mortgage in the amount of $21,750,000.00 from Comerica for the discounted sum of $1,117,850.00.

On April 25, 2013, Gary Sakwa, as sole member, executed an Operating Agreement between himself and Ruby Investments, LLC ("Ruby"). Sakwa then assigned his member interest in Ruby to Cherry Ridge on April 29, 2013. Ruby is a wholly owned subsidiary of Cherry Ridge. On April 30, 2013, Cherry Ridge assigned its interest in the mortgage to Ruby in order to initiate a foreclosure action in state court. Cherry Ridge asserts this transfer was not done in bad faith, rather it was

necessary to effectuate judicial foreclosure remedies under Michigan law.

On May 7, 2013, Ruby initiated foreclosure proceedings against Cherry Ridge, the Township, and others in the Wayne County Circuit Court, seeking to foreclose its mortgage, which includes the Parcels. Both Cherry Ridge and Ruby acknowledged the existence of this Court's Preliminary Injunction in the pleadings, however they suggested that this Court's injunction dealt only with the removal of the concrete barriers and otherwise had nothing to do with the subject Improvements.

On June 3, 2013, the Township filed a counterclaim against Ruby and a cross-claim against Cherry Ridge, which subsequently defaulted in the foreclosure proceeding. The Township filed a Motion to Stay in the foreclosure action, and the state court judge entered an order granting a stay until this Court resolves Cherry Ridge's Motion to Stay or Dismiss Proceedings.

Cherry Ridge argues that after it loses title to the Parcels in the state case, the principal claims in this lawsuit will be moot. Consequently, Cherry Ridge requests this Court stay the present matter pending resolution of the foreclosure action or dismiss this action without prejudice. The Township objects to a stay of these proceedings, as well as maintains that Cherry Ridge should be held in contempt of court for filing the foreclosure action in the first instance. The Township argues that Cherry Ridge's conduct, specifically the assignment of an already discharged mortgage to Cherry Ridge's wholly owned subsidiary in order to initiate a sham foreclosure proceeding and extinguish the Township's interests in the Improvements, is a direct attack on this Court's Preliminary Injunction.

### III.   LAW AND ANALYSIS

**A.   Cherry Ridge's Motion to Stay or Dismiss Proceedings**

Cherry Ridge argues that this Court should exercise its inherent discretion to manage its docket and stay this proceeding pending the outcome of the state foreclosure proceeding. Cherry Ridge maintains that this Court should abstain from hearing this matter pursuant to the *Younger* abstention doctrine because the instant proceeding interferes with an ongoing state proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971). Alternatively, Cherry Ridge suggests that the *Colorado River* abstention doctrine also compels the conclusion that a stay of this matter is warranted**.** *See Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

"The decision to enter a stay ordinarily rests within the sound discretion of the District Court." *Ohio Envil. Council v. United States Dist. Ct. Southern Dist. of Ohio,* 565 F.2d 393, 396 (6th Cir. 1977). *Younger* abstention, based on comity, provides that a federal court may abstain and decline to interfere with pending state proceedings involving important state interests if extraordinary circumstances are present. *Younger*, 401 U.S. at 37. While *Younger* has been extended to non-criminal proceedings, it has only been applied in situations where the federal court's intervention would unduly interfere with or implicate legitimate activities of the state or important state interests. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The *Younger* abstention framework permits a federal court to decline to hear a case when: (1) The challenged state proceeding is currently pending, (2) the state proceeding implicates important state interests, and (3) the state proceeding affords the plaintiff an adequate opportunity to raise constitutional claims. *Id*.; *see also Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 638 (6th Cir. 2007). Upon review of the circumstances herein, the Court finds that *Younger* does not apply.

While it is permissible for *Younger* to be applied in cases where state proceedings are begun

after a federal complaint is filed and "before any proceedings of substance on the merits have taken place," *Younger* is generally applied when there is a pending state action before the federal complaint is filed. *Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *see also Kevorkian v. Thompson*, 947 F. Supp. 1152, 1162 (E.D. Mich. 1997); *Carroll v. City of Mt. Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998), *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003). All of the cases relied on by Cherry Ridge in support of its request for a stay are actions where the state lawsuit was pending prior to the federal case. In the current matter, the federal action was pending for six months before the state claim was filed, and after the parties and this Court spent a considerable amount of resources and time on the case.

Cherry Ridge argues that the foreclosure lawsuit involves important state interests, however the Court disagrees. Contrary to Cherry Ridge's argument, the foreclosure action does not involve significant state interests. *See Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 539 (2009) ("[T]he presence of state law issues [in federal court] will weigh in favor of abstention only in rare circumstances."). This Court properly exercised jurisdiction over the property in question six months prior to the initiation of the foreclosure lawsuit. Furthermore, as explained more fully in the section discussing the Township's Motion to Hold Cherry Ridge in Contempt of Court, *infra,* Cherry Ridge is using this simple foreclosure action to negate the Preliminary Injunction issued by this Court and to forum shop for a venue more favorable to its position on its claims. Lastly, given the extensive work that has already been done and that federal courts have authority to decide the claims raised herein, judicial economy is best served by continuing this action before this Court.

While there is no dispute that the state court affords the opportunity to assert the same constitutional claims raised herein, the Court finds that, on balance, *Younger* does not fit the factual

or procedural circumstances of this case. Further, there are exceptional circumstances that weigh heavily in favor of this Court retaining jurisdiction, such as Cherry Ridge's failure to disclose its mortgage interest and the suspicious timing of its assignment of the mortgage and the initiation of state case, as well as the significant amount of resources already expended by the parties and the Court, including the extensive motion practice that has occurred thus far. Lastly, the state case is in its infancy, with a stay having been entered prior to any dispositive rulings. These circumstances negate the propriety of abstention under *Younger*.

Similarly, the Court finds that the circumstances herein do not support abstention under *Colorado River*. The *Colorado River* abstention doctrine is a two-part test that permits abstention in limited and exceptional circumstances which must reflect "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817.

First, the Court must determine whether the federal and state complaints are parallel. Second, the Court must conduct a balancing test of multiple factors to determine whether jurisdiction should be declined. *Romine v. Compuserve Corp.,* 160 F.3d 337, 340 (6th Cir. 1998). The Supreme Court has identified eight factors the district courts should consider: (1) Whether or not the state has assumed jurisdiction over any res or property, (2) is the federal forum less convenient to the parties, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained, (5) whether the source of governing law is state or federal, (6) the adequacy of the state court action to protect the federal plaintiff's rights, (7) the relative progress of the state and federal proceedings, and (8) the presence or absence of concurrent jurisdiction. *PaineWebber Inc. v. Cohen,* 276 F.3d 816 (6th Cir. 2001); *see also Romine*, 160 F.3d at 340-41.

Additionally, courts considering application of *Colorado River* abstention may consider an attempt by a litigant to "shop for a more receptive forum," *Preston v. Eriksen*, No. 95-3751, 1997 U.S. Dist. LEXIS 784, *12 n.3 (6th Cir. Jan. 14, 1997), while recognizing that there must be "extraordinarily compelling reasons for the court to shunt its constitutionally-vested jurisdiction." *Total Renal Care Inc. v. Childers Oil Co.*, 743 F. Supp. 2d 609, 615 (E.D. Ky. 2010). *Colorado Ridge* is not applicable in this case.

As an initial matter, the Court concludes that the federal and state cases are not parallel. While the claims Ruby asserts as to the Improvements in the state action are parallel to the claims asserted here, the state action also seeks to extinguish the "inferior" interests of Wayne County, DTE, and Jeffrey VanHook, JVH Real Estate LLC, in other parcels that are not at issue herein. The decision to abstain from hearing a federal case because a state case is parallel requires a balancing of the interests with the balance weighed in favor of jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). In the instant case: (1) the parties are different, (2) the claims are different, (3) different remedies are sought, (4) the cases involve different proofs, (5) in the state case Cherry Ridge is a defendant and has already defaulted, and (6) there was no pending state action when the federal case was filed. *Karl v. Quality Loan Service Corp.*, 759 F. Supp. 2d 1240 (D. Nev. 2010); *see also Fru-Con Construction Corp.,* 574 F.3d at 535. Therefore, the federal and state actions are not parallel.

Additionally, a balancing of the Supreme Court's factors also favors retaining jurisdiction.

1. Has the state assumed jurisdiction over any res or property?

While Cherry Ridge argues that Wayne County Circuit Court's present assumption of jurisdiction over the Parcels in question is satisfactory, whoever first assumed jurisdiction is entitled

to exclusive jurisdiction until its duty to decide the issues is fully performed. *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939); *see also Kline v. Burke Constr. Co.*, 260 U.S. 226, 229-32 (1922). This Court exercised jurisdiction six months before the state action was filed.

2. Is the federal forum less convenient to the parties?

Both parties agree that the state and federal courts are in proximity of one another and neither court is more or less convenient to the parties. This factor does not favor abstention.

3. Would the Court retaining jurisdiction result in piecemeal litigation?

While there are clear benefits to avoiding piecemeal litigation where all claims can be fully adjudicated in one action, the state court should not have to decide issues that this Court has already made initial rulings on and dedicated a significant amount of time to resolving. As previously found, judicial economy will be better served by this Court retaining jurisdiction under the present circumstances.

4. In what order was jurisdiction obtained?

Cherry Ridge argues that the order in which jurisdiction was obtained does not weigh against abstention because of the prevailing interest held by state courts in resolving real property disputes. However, it is undisputed that this Court obtained proper jurisdiction first and has made significant rulings based on its inherent authority to resolve this dispute. Further, these factors, coupled with the suspicious timing of the state court action favor declining abstention.

5. Is the source of governing law state or federal?

While the issue of common law public dedication is traditionally a matter of state law, this Court has the authority and jurisdiction to decide the issue as well. This factor likewise does not favor abstention.

6. Will the state court action adequately protect the federal plaintiff's rights?

Cherry Ridge argues its rights will be adequately protected if the matter is stayed because all the claims before this Court have also been raised in the foreclosure action. This factors favors abstention.

7. What is the relative progress of the state and federal proceedings?

The parties and this Court have already dedicated a significant amount of resources to this case. The Township has also filed two dispositive motions. The state action is in its infancy and is currently stayed. Granting Cherry Ridge's Motion at this stage in the proceedings will be prejudicial to the Township and adverse to the public interest.

Therefore, as with *Younger*, there is no support for abstention under *Colorado River*. The Court finds abstention inappropriate under the circumstances. Judicial economy will be thwarted rather than preserved, and the public interest, as well as the Township's interest will be unduly prejudiced if the Court granted a stay at this juncture. Further, neither *Younger* nor *Colorado River* support abstention. Therefore, the Court denies Cherry's Ridge's Motion to Stay or Dismiss Proceedings.

**B.     The Township's Motion to Hold Cherry Ridge in Contempt of Court**

The Township argues that Cherry Ridge should be held in contempt for violating this Court's Preliminary Injunction Order. The Township argues that the purpose of the foreclosure proceeding is to subvert this Court's Preliminary Injunction and destroy the Township's interests in the Improvements. Cherry Ridge counters that it has fully complied with the Preliminary Injunction because the Court's Order only addressed the removal of the concrete barriers and did not otherwise enjoin Cherry Ridge from interfering with the Improvements during the pendency of

this case.

"The inherent powers of the federal courts are those which are necessary to the exercise of all others. The most prominent of these is the contempt sanction, which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court." *Roslies-Perez v. Superior Forestry Serv., Inc*., 652 F.Supp. 2d 887, 896 (M.D. Tenn. 2009) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). "While the contempt power should not be used lightly, it is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed." *Id*. In order for this Court to find Cherry Ridge in contempt, the Township must demonstrate with "clear and convincing evidence" that Cherry Ridge "violated a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *See Glover v. Johnson*, 934 F.2d 703, 704-07 (6th Cir. 1991). The order must be "read in light of the issues and the purpose for which suit was brought." *Cohn v. Kramer*, 136 F.2d 293, 295-96 (6th Cir. 1943).

Good faith is not a defense to civil contempt. *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989). Further, "where a party has bypassed opportunities to present its asserted vagueness claim on appeal or through a motion to clarify or modify the injunction, the party cannot disregard the injunction and then object to being held in contempt when the courts conclude that the injunction covered the party's conduct." *Tivo Inc. v. Echostar Corp*., 646 F.3d 869, 886 (Fed. Cir. 2011) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949)); *see also Polo Fashions, Inc. v. Stock Buyers Int'l, Inc*., 760 F.2d 698, 700 (6th Cir. 1985) ("The defendants acted at their own risk by failing to seek the court's interpretation of the injunction if they had any good faith doubt

as to its meaning or by failing to have it set aside or amended if they thought it was defective.")

The question before the Court is whether Cherry Ridge violated "a definite and specific" directive requiring it to refrain from the conduct at issue. The Township's Motion for Preliminary Injunction contained the following prayer for relief (emphasis supplied):

> Defendant/Counter-Plaintiff, Canton Charter Township, would respectfully request that this Honorable Court *grant its Motion for Preliminary Injunction and maintain the status quo by ordering Plaintiff to remove the concrete barricades and further prohibiting Plaintiff from interfering in any manner with any of the improvements during the pendency of the lawsuit*.

The Court's Preliminary Injunction held in pertinent part (emphasis supplied):

> In summary, after evaluating and applying the four factors considered in making a determination on the merits of a preliminary injunction, the Court finds that the *balancing of factors weigh in favor of Canton Twp. Moreover, Canton Twp. has demonstrated: a likelihood of success on the merits of its common-law claim of public dedication, that they will suffer irreparable harm, and that the public interest is best served by issuing a preliminary injunction. Therefore, Canton Twp.'s Motion for Preliminary Injunction is GRANTED*.
> Cherry Ridge, LLC is ORDERED to remove the barriers within seven days of the issuance of this Order.

*See* Dkt. No. 27.

Thus, contrary to Cherry Ridge's suggestion, the Township's Motion for Preliminary Injunction requested more than the "removal of the concrete barricades." The Motion also sought the maintenance of the status quo and that Cherry Ridge be prevented from interfering with the subject Improvements until a final determination on the merits of the parties' claims. The Court's Order granted the Township's requested relief to maintain the status quo, to remove the barriers, as well as gave Cherry Ridge a deadline for removal of the barriers.

The Township relies on *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 510 F.Supp. 2d 438 (E.D. Mich. 2007), in support of its request that the Court find Cherry Ridge in contempt of the

-12-

Court's Preliminary Injunction. However, the facts in *Ford Motor* are distinguishable because the injunction in that case explicitly stated that the defendant was enjoined from "selling automobile accessories *and other merchandise* bearing" the Plaintiff's trademarks. *Id.* at 439 (emphasis supplied). The *Ford Motor* court later granted the plaintiff's request to hold the defendant in contempt when the defendant was caught selling a T-shirt with Plaintiff's mark." *Id.* Similarly, in *Redken Lab., Inc. v. Levin,* 843 F.2d 226 (6th Cir. 1988), the defendant sold the plaintiff's hair care products in violation of a stipulated order permanently enjoining the defendant from selling such products. *Id.* at 228. Here, contrary to the factual circumstances present in *Ford Motor* and *Redken Lab.*, the Court's Preliminary Injunction Order did not specifically prohibit Cherry Ridge's conduct.

While the Court may agree with Cherry Ridge to the extent it did not technically violate a "definite and clear" directive of the Order Granting Preliminary Injunction, Cherry Ridge nonetheless attempted to undermine this Court's decision and authority by obtaining a ruling from the state court on the parties' real property dispute prior to this Court's final merits determination. Cherry Ridge's assignment of the mortgage to Ruby roughly two months after entry of the injunction in order to fast track a foreclosure sale and extinguish the Township's interests in the Improvements compels the conclusion that Cherry Ridge's conduct before this Court has been misleading and disingenuous. Further, Cherry Ridge, Gary Sakwa and Ruby are bound by this Court's Preliminary Injunction. *See Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Electric Serv. Co.*, 340 F.3d 373, 381-82 (6th Cir. 2003). Federal Rule of Civil Procedure 65(d)(2) provides in pertinent part:

> (2) **Persons Bound**. The order binds only the following who receive actual notice
> of it by personal service or otherwise:

> (A) the parties;
> (B) the parties' officers, agents, servants, employees, and attorneys; and
> (C) other parties who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Fed. R. Civ. P. 65(d)(2). There is no question that Cherry Ridge, and Gary Sakwa, an agent of Cherry Ridge, had actual knowledge of the Preliminary Injunction when the documents assigning the mortgage were executed. Ruby is acting in concert with Cherry Ridge as both LLCs' interests overlap. Taken as a whole, Cherry Ridge's conduct, particularly in light of its impact on scarce judicial resources during these financially uncertain times, is antithetical to the administration of justice and will not be tolerated further.

Additionally, it is worth noting Cherry Ridge's inability to keep its positions straight. On the one hand, Cherry Ridge argues that the two actions, the state action involving Cherry Ridge's former "mortgagee interest" and the instant action, involving Cherry Ridge's interest as "titleholder," do not overlap, therefore the Preliminary Injunction does not impact the state action. On the other hand, Cherry Ridge maintains, as argued in its Motion to Stay or Dismiss Proceedings, that as soon as the state foreclosure action is resolved, all of the claims herein will be moot.

> Finally, the ultimate resolution of the Foreclosure Lawsuit–Cherry Ridge's loss of title to the two parcels pursuant to a foreclosure sale–will have a dispositive effect on this action regardless of the relative priority of interests, and will render most claims and counterclaims pending before this Court (all of which principally relate to Cherry Ridge's use of the land) moot.

Both the instant action and the state foreclosure action concern the parties' interests in the subject property. Ruby alleges in the state action that the Township's interests "are inferior and subordinate to [Ruby]'s mortgage in that any such interest, if established, occurred after [Ruby]'s Mortgage was recorded." Ruby requests that the state court "determine the rights of the respective

parties and declare and adjudge that [Ruby]'s interests are superior to all other claimed interests and discharge all interests that are subordinate and/or inferior to [Ruby]'s interests in" the Improvements. It strains credulity to suggest that Cherry Ridge was not aware its conduct with respect to the mortgage assignment and state foreclosure action would violate this Court's Preliminary Injunction which granted the Township's request "to maintain the status quo pending a decision by this Court on the merits." Cherry Ridge's conduct in this matter has failed to fulfill this Court's expectations concerning civility, respect and candor toward its opponent and to the Court. However, the Court cannot conclude as a matter of law that the Township has proven with clear and convincing evidence Cherry Ridge violated a "specific and definite" directive in the Court's February 25, 2013 Preliminary Injunction.

Accordingly, the Court reiterates that Cherry Ridge, its officers, servants, employees, agents and all persons and entities acting in concert or participation with Cherry Ridge, including Ruby, are hereby enjoined from taking any further action to foreclose on the subject property, as well as from encumbering, transferring or otherwise disposing of, or interfering with, the subject property until further order of this Court.

**IV.    CONCLUSION**

For the reasons articulated above, Cherry Ridge's Motion to Stay or Dismiss Proceedings [#43] is DENIED.

The Township's Motion to Hold Cherry Ridge in Contempt of Court [#46] is DENIED WITHOUT PREJUDICE. Cherry Ridge, its officers, servants, employees, agents and all persons and entities acting in concert or participation with Cherry Ridge, including Ruby, SHALL MAINTAIN THE STATUS QUO and are HEREBY ENJOINED from taking any further action to

foreclose on the subject property, as well as from encumbering, transferring or otherwise disposing of, or interfering with, the subject property until further order of this Court. Cherry Ridge, its officers, servants, employees, agents and all persons and entities acting in concert with Cherry Ridge are HEREBY ADVISED they risk the imposition of CONTEMPT SANCTIONS if the Court determines a violation of this Order has occurred.

Cherry Ridge's Motion to Strike the Township's Motion for Summary Judgment [#52] is DENIED. Cherry Ridge shall file a Response to the Township's Motion for Summary Judgment on Counterclaim [#48] and a Response to the Township's Motion for Summary Judgment on Plaintiff's Complaint [#51] no later than November 6, 2013. The Township may file Reply briefs no later than November 21, 2013.

A hearing on the Township's Motion for Summary Judgment on Counterclaim [#48], and Motion for Summary Judgment on Plaintiff's Complaint [#51] is scheduled for December 11, 2013 at 10:00 a.m.

Additionally, the following dates shall govern in this matter:

| | |
|---|---|
| Final Pretrial Order due: | January 7, 2014 |
| Final Pretrial Conference: | January 14, 2014 at 10:00 a.m. |
| Trial: | January 28, 2014 at 9:00 a.m. |

SO ORDERED.

Dated: October 15, 2013        /s/Gershwin A Drain
                               GERSHWIN A. DRAIN
                               UNITED STATES DISTRICT JUDGE

Copies of this Order were served upon attorneys of record on
October 15, 2013 , by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk