UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERRY RIDGE, LLC, a Michigan
Limited Liability Company,

                Plaintiff/Counter-Defendant,          Case No. 12-cv-15126
                                                        HON. GERSHWIN A. DRAIN

v.

CANTON CHARTER TOWNSHIP, a
Michigan Municipal Corporation,

                Defendant/Counter-Plaintiff.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [#67]

Plaintiff/Counter-Defendant Cherry Ridge, LLC ("Cherry Ridge") brings the instant Motion for Reconsideration, filed on October 24, 2013, seeking an Order from this Court modifying its October 15, 2013 Order Denying Cherry Ridge's Motion to Stay.

This Court's October 15, 2013 Order held, among other findings, that its February 26, 2013 Preliminary Injunction, contrary to Cherry Ridge's arguments, ordered the maintenance of the status quo with respect to the property at issue herein. *See* Dkt. No. 64 at 12-13. Thus, the Court concluded that Cherry Ridge's conduct in assigning its mortgage interest in the subject property to a wholly owned subsidiary in order to initiate state foreclosure proceedings was "a blatant attempt to circumvent this Court's preliminary injunction" since the state action seeks "to extinguish the Township's interests in the [subject property] prior to this Court issuing a final merits determination." *Id.* at 13. Accordingly, the Court's October 15, 2013 Order "reiterate[d] that Cherry Ridge, its

-1-

officers, servants, employees, agents and all persons acting in concert or participation with Cherry Ridge . . . are HEREBY ENJOINED from taking any further action to foreclose on the subject property . . . ." *Id.*

Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3).

Cherry Ridge has failed to demonstrate a palpable defect by which this Court has been misled the correction of which will result in a different disposition of this Court's October 15, 2013 Order. Cherry Ridge maintains that this Court made erroneous factual findings in reaching its decision and further asserts that the Anti-Injunction Act bars this Court from enjoining Cherry Ridge and all person and entities acting in concert with Cherry Ridge from taking further action to foreclose on property that is the subject of the instant federal action.

Contrary to Cherry Ridge's argument, this Court did not make erroneous factual findings. The record before this Court was not clear as to Cherry Ridge's interest in the subject mortgage at the time this Court issued its February 26, 2013 Preliminary Injunction nor when it issued its October 15, 2013 Order. Additionally, Cherry Ridge is incorrect in claiming that the Anti-Injunction Act bars this Court's October 15, 2013 Order. "Federal Courts have quite consistently held the [Anti-Injunction] Act does not preclude a federal court from enjoining parties from commencing state proceedings which have not already been begun at the time the injunction is issued." *Roth v. Bank of Commonwealth*, 583 F.2d 527, 531-32 (6th Cir. 1978)(collecting cases). Here, the state

-2-

foreclosure proceeding was filed roughly two and a half months after this Court entered its Preliminary Injunction. Therefore, the Anti-Injunction Act is simply inapplicable under the circumstances present here.

Cherry Ridge's argument that its assignment of the mortgage to a wholly owned subsidiary and initiation of a state case was lawful and in accordance with customary practices is of no consequence. Such actions may be lawful and customary, however by filing such an action Cherry Ridge and those acting in concert with it were improperly and "blatant[ly] attempt[ing] to circumvent this Court's preliminary injunction." *See* Dkt. No. 64 at 13*; see also James v. Bellotti*, 733 F.2d 989, 993 (1st Cir. 1984)( "The district court has acquired continuing in rem jurisdiction of the disputed land claims . . . and no state court, whether purporting to exercise concurrent jurisdiction in rem, or in personam, may deprive the district court of its exclusive power to adjudicate those land claims.")(internal citations omitted). The law is well settled that "[t]o avoid unseemly and disastrous conflicts in the administration of our dual judicial system, and to protect the judicial processes of the court first assuming jurisdiction, the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn General Casualty Co. v. Pennsylvannia*, 294 U.S. 189, 196 (1935)(internal citations omitted); *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939).

Lastly, Cherry Ridge continues to fail to appreciate this Court's Preliminary Injunction and its finding that maintenance of the status quo was warranted because the Township is likely to succeed on its claims and it, as well as the public, will be irreparably harmed if Cherry Ridge is permitted to interfere with the Township's interests. This Court did not improperly broaden the terms of the injunction in its October 15, 2013 Order, rather it merely reiterated that the status quo was to

be maintained pending a final merits determination.

   For the reasons stated above, Cherry Ridge's Motion for Reconsideration [#67] is DENIED.

   SO ORDERED.

Dated: <u>October 28, 2013</u>                    <u>/s/Gershwin A Drain      </u>
                                                 GERSHWIN A. DRAIN
                                                 U.S. DISTRICT JUDGE